DERICHS, Appellant, v. LAKE CREEK SCHOOL DIST., Respondent.

(234 N. W. 527.)

(File No. 7037. Opinion filed January 21, 1931.)

*Williams & Sweet,* of Rapid City, for Appellant.

*Buell, Denu & Philip,* of Rapid City, for Respondent.

BROWN, P. J. This is a controversy over the amount to which plaintiff, as parent of three children attending a country

school, is entitled for transportation. The statute applicable to the situation is chapter 153 of the Laws of 1925, which provides that, when pupils reside more than two and one-half miles from the nearest schoolhouse in the school district, and not to exceed three miles, the parent shall receive from the school district 10 cents a day for each pupil. It is conceded that the three children attended school during the school years 1925-1926 and 1926-1927 an aggregate of 945 days for all three. The distance from their home to the schoolhouse by section lines, which constituted the only public highway, was two and three-quarter miles, but by a trail designated as the "east route" through pastures owned by a neighbor between plaintiff's residence and the schoolhouse, and which was used part of the time by the children, the distance was less than two and one-half miles. After having used this trail for about seven weeks, the owner of the pasture found that a gate on the trail through which the children had to pass was being left open by them because it was too heavy for them to close. At this time he forbade them to use this way any longer, and directed them for the future to follow a route which went part way on the same trail but deviated therefrom so as to come through a gate near his house where he could close it himself if the children should happen to leave it open. This way is designated as the "west route," and the distance between plaintiff's residence and the schoolhouse by the "west route" is somewhat over two and one-half miles.

The evidence was conflicting as to the number of days the children traveled by either route through the pasture and the number of days they traveled by section lines. The court found that the children attended school an aggregate of 945 days, that they traveled an aggregate of about 50 days by the section line, and that the remainder of the time, 895 days, they traveled less than two and one-half miles by following the trail through the pasture. The court accordingly rendered judgment for the plaintiff for 10 cents per child per day for 50 days, amounting to $15, together with interest, and costs to defendant, from which judgment and from an order denying his motion for a new trial, plaintiff appeals. We do not think it material to determine how many days the children traveled by one route or how many by another. The statute provides that:

"The distance traveled by the most direct route, to be established by the District Board, subject to an appeal as provided for

appeals from decisions of School Boards, relative to school matters, shall be the basis of computation."

No route was ever established by the board. In September, 1926, the board adopted a resolution to the effect that plaintiff should have his children travel by the section lines if he desired to be paid mileage. The board is not authorized to direct or compel children to travel by a specified route. Its authority is to establish a route which shall be the basis of computation of the distance by which the amount of compensation is to be measured. This route must be along section lines or upon a regularly laid out public highway. It must be a highway which is maintained in a reasonable fit condition for travel, and which the children have a right to travel, not a trail which they may be forbidden to use at any time by the owner of the land over which the trail goes. It is undisputed that the distance between plaintiff's residence and the schoolhouse over any section line or regularly laid out highway was more than two and one-half miles, and we think plaintiff was entitled to 10 cents a day for the time each child attended school without regard to whether or not on some days they actually traveled a shorter distance than two and one-half miles by cutting through a neighbor's pasture.

The judgment and order denying a new trial are reversed and the cause remanded, with directions to the trial court to enter judgment on its findings for the sum prayed for in the complaint.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J. (concurring specially). Our law with reference to transportation of school children which is material in the instant case seems to have originated as section 108, chapter 135, Laws 1907, being our first general education law, and entitled: "An Act to Establish a Uniform System of Education for the State of South Dakota," etc. Section 108 of this law was general in its terms, and provided for the furnishing of transportation or the making of reasonable financial provision for transportation "when pupils reside at an unreasonable distance from their nearest schoolhouse."

The first attempt to be specific was in the amendment by chapter 141, Laws 1911, which provided:

"When pupils reside more than two and one-half miles from the nearest schoolhouse in the school district and not to exceed

three miles, then the parent, guardian or pupil shall receive from his school district ten cents per day for each pupil. * * * In determining the distance to be traveled to get to any school, the most direct route by section lines shall be the basis of the computation."

The next session of the Legislature (chapter 196, Laws 1913) again amended the statute here involved, but, so far as concerns the particulars material to this case and embraced in the quotation last above, the first portion of the quotation was left untouched. The last portion thereof, however, was amended to read as follows:

"In determining the distance to be traveled to get to any school the most direct route to be established by the school district board, subject to an appeal * * * shall be the basis of the computation."

Since that time the statute in question was again amended by chapter 163, Laws 1915, became Section 7485 of the Rev. Code of 1919, and has since been amended by chapter 183, Laws 1919, chapter 53, Special Session 1920, chapter 206, Laws 1921, chapter 170, Laws 1923, chapter 153, Laws 1925, and chapter 110, Laws 1927.

The statute contains numerous exceptions and provisos which have been changed, amplified, and increased from time to time, but the portion of the statute above referred to, which is the only portion material to this case, has survived the vicissitudes of the numerous amendments with no substantial or material change at any time, and has been preserved ever since 1913.

To repeat, the exact language taken from chapter 153, Laws 1925, which was the particular statute in force at the period involved in the instant case, is as follows:

"When pupils reside more than two and one-half miles from the nearest schoolhouse in the school district and not to exceed three miles, the parent, guardian, or pupil shall receive from his school district ten cents per day for each pupil; * * * the distance traveled by the most direct route, to be established by the District Board, subject to an appeal * * * shall be the basis of computation."

The interpretation of the language last above quoted is the only problem presented by this case, and it does not seem to me a difficult one.

Section 7496, Rev. Code 1919, provides that a schoolhouse site shall be situated "upon a section line or upon a regularly laid out

highway." The purpose of this requirement is, of course, public accessibility, as pointed out by the Attorney General (Rep. Atty. Gen. 1920, p. 203):

"The reason for this is that if a schoolhouse is not so situated the pupils can have no absolute right of access to it. The legislature certainly never intended to permit the location of the schoolhouse at such a point that the pupils must secure the right to pass over private property or to trespass upon it in order to reach the school."

I think that is exactly analogous to the situation with regard to the transportation statute. The test is the distance from the residence to the schoolhouse   The first specific act in 1911 said that in determining the distance "the most direct route by section lines shall be the basis of the computation." Ever since the amendment of 1913, however, the provision has been that in determining the distance "the most direct route to be established by the school district board, subject to an appeal * * * shall be the basis of computation." I think that the words "most direct route" must be interpreted to mean the most direct route by a road lawfully established as open to public travel and reasonably well and safely maintained for that purpose.

That, it seems to me, is the basis for computation which must govern, and that basis should govern regardless of how the children actually go to school. It does not seem to me material how the children actually get from their residence to the schoolhouse on any given day or any given number of days.

If the most direct route, according to the test above set forth, is more than two and one-half miles, then the compensation should be paid, regardless of the fact that it may be true that on fair days the children cut across lots over the premises of their father and acquiescent neighbors on foot or horseback, or with a vehicle, and thereby actually travel a distance of less than two and one-half miles between the residence and the schoolhouse. It seems to me almost a universal rule that, when statutes require the computation of "the most direct route" or the "nearest route," they are necessarily held to mean the nearest or most direct route open to public travel, and upon and along public highways reasonably available as such. Any other interpretation makes for just exactly the confusion and difficulty that the instant case so well illustrates.

This was the view taken by the Attorney General in his opinion (Rep. Atty. Gen. 1926, p. 311) when he said in response to an inquiry as follows:

"We have your request for an interpretation of the provisions of chapter 170 of the Session Laws of 1923, relating to transportation of school children. Your first inquiry is as follows:

" 'In the designation of the ruote, could the school board designate a route other than a public highway, or could it designate a byway which might be shorter in distance but not open for public travel?'

"Section 7485 of the Revised Code of 1919, as amended by chapter 170 of the Session Laws of 1923, provides that the distance traveled by the most direct route, to be established by the district board, shall be the basis of computing transportation charges. It is my opinion that a school board must establish such route from the premises on which the pupils reside by the nearest public route, or one which has been duly authorized or exists by reason of law, and is a passable highway. The board would have no authority to establish such route over private lands but the computation must be computed upon the basis of the most direct public traveled route designated by law."

I think, therefore, that in the instant case this construction of the statute should be stated and established, and the judgment appealed from should be reversed and the cause remanded, with directions to enter judgment for the plaintiff as prayed in the complaint. Admittedly the distance in the instant case by any route open to public travel was more than two and one-half miles. Therefore compensation should be paid, and it is immaterial as to how many days (whether any or all) the children, in actual fact, by using a private way across a neighbor's lands not open to the public nor customarily used by the public, may have shortened by a few rods the actual travel distance between the residence and the schoolhouse so that the same became less on that particular day than two and one-half miles.